FLETCHER DAY v. THE STATE.

No. 3754. Decided November 10, 1915.

Rehearing denied December 22, 1915.

**Disturbing Peace—Statement of Facts—Want of Diligence.**

Where, upon appeal, the purported statement of facts was not signed by the trial judge, and the record showed a want of diligence on the part of appellant and his counsel in securing the approval of the county judge thereto, there is no ground for reversal, and the judgment must be affirmed.

Appeal from the County Court of Collingsworth. Tried below before the Hon. A. C. Nicholson.

Appeal from a conviction of using abusive language, and disturbing the peace; penalty, a fine of $1.

The opinion states the case.

*R. H. Templeton* and *Ramsey, Black & Ramsey,* for appellant.—On question of statement of facts: Bigham v. State, 36 Texas Crim. Rep., 453; Sims v. State, 72 Texas Crim. Rep., 533; Haak v. State, 60 Texas Crim. Rep., 366, 132 S. W. Rep., 358.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of using abusive, vulgar and indecent language in a public place, in a manner calculated to disturb the inhabitants, and his punishment assessed at a fine of $1.

The statement of facts on file bears only the signature of appellant's counsel, and, of course, can not be considered. Affidavits have been filed pro and con as to whether or not appellant's counsel have been guilty of such negligence as to deprive him of the right to have the case reversed because appellant has been deprived of a statement of facts. It appears that this case was considered of so much importance appellant asked that a stenographer be appointed to report the testimony, and one was appointed by the court. A twenty-day order was entered in which a statement of facts could be filed. The stenographer's certificate shows that appellant requested and paid her to prepare both a record in question and answer form and narrative, and this she did within eleven days from the day of adjournment of court.

Both these records are before us, signed alone .by appellant's counsel. As hereinbefore stated, there is a conflict in the affidavits on file, but inasmuch as it appears that appellant took the precaution of having a stenographer appointed in order to have the case before us on a correct statement of facts, and appellant paid her to make out both a narrative statement and a statement in question and answer form, so that it would be easy to agree on a correct statement of the evidence, that same was made out in ample time, and that due diligence in the case is shown to have been exercised by appellant's counsel, we are of the opinion he is entitled to have the case reversed and remanded, because he has been deprived of a record in the cause.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

December 22, 1915.

HARPER, JUDGE.—The State has filed a motion for rehearing in this case, accompanied by the affidavit of the county judge and others, in which it is shown we were in error in several conclusions arrived at in the former opinion. In the first place, we said that appellant had employed a stenographer in the case. .This was our conclusion, from the fact the law does not provide for a stenographer in County Court. But the affidavits conclusively show that the stenographer was employed by the county at the instance of the county judge. Appellant was in no way responsible for the statement contained in the original opinion that he had employed one to report the case—this being the conclusion of the writer that a stenographer had reported the case, when the law provided none. And the opinion, in so far as it refers to this matter, does not correctly state the facts, but through the fault of the writer alone. As to whether diligence was used, there is considerable conflict in the affidavits of the county attorney and appellant's counsel on file, and we shall not seek to reconcile the conflict. Appellant's affidavit shows that he presented the statement of facts to the county judge and county attorney on the same day that he filed his bills of exceptions. The bills of exception were filed July 9th. The term of court at which appellant was tried adjourned June 19th— thus making it twenty days from the adjournment of court when the statement of facts was presented to the county attorney and county judge. This was the last day on which it could be approved and filed. Appellant's affidavit further shows, that he and the county attorney took the statement of facts to consult over it, and that the county attorney was not satisfied with the evidence of Herbert Dysart and P. W. Myers. That it was several days after this before appellant and the county attorney agreed on the evidence of Myers and Dysart, making it more than twenty days after the adjournment of court before an agreement was reached. Accept all these facts as true; this would

not be within the time allowed by law. Had a statement of facts ever been approved by the county judge, we would be inclined to consider it under the showing made, but, as the statement of facts has never been approved by the judge, under no rule of law can we consider it. The county judge sends an affidavit, in which he swears that when defendant's counsel presented the statement of facts to him, defendant's counsel had never submitted it to the county attorney; that he asked him to take it to the county attorney and see if they could not agree, and, if they could not, he would at once prepare and file a statement of facts. That counsel for appellant agreed to this, and went to consult with the county attorney. That thereafter no statement of facts was ever presented to him by either appellant's counsel or the county attorney; that he was ready and willing to have signed an agreed statement of facts, or, in the event no agreement was reached, to have prepared one upon request to do so.

The affidavit of appellant's counsel does not contend that he thereafter presented to the judge a statement of facts but says he relied on the promise of the county attorney to present it to the judge. This is where one of the conflicts in the affidavits comes in, but it is unnecessary to pass on it, as appellant could not rely on someone else to do for him what the law required him to do. He should have presented it to the judge, and, if he relied on someone else to do this, and they failed to do so, the negligence would be chargeable to him.

Upon such a state of facts we were in error in reversing the case, and the motion for rehearing is granted, and the judgment affirmed.

*Affirmed.*